UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12-CV-1233 CAS |
| ) | |
| TRAVELERS INDEMNITY COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Robert Hayes' Motion to Remand, defendant Elizabeth Haumesser's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, and defendants Travelers Indemnity Company ("Travelers") and Haumesser's Motion to Stay Action and Compel Arbitration. Hayes filed this action in state court alleging age discrimination in violation of the Missouri Human Rights Act ("MHRA") and wrongful discharge in violation of Missouri public policy. Complete diversity is lacking on the face of the complaint as both Hayes and defendant Haumesser are citizens of the State of Missouri, but defendants removed the case to federal court claiming that Haumesser was fraudulently joined to defeat diversity jurisdiction.

For the following reasons, the Court finds that Haumesser was not fraudulently joined as a defendant and, as a result, it lacks subject matter jurisdiction over this action. Plaintiff's motion to remand will be granted. The defendants' motions will remain pending for determination by the state court following remand.

**Background**

On May 30, 2012, plaintiff filed his Petition in the Circuit Court of St. Louis County, State of Missouri, alleging that on June 20, 2011, he was terminated from Travelers' employment based on the contributing factor of his age and because he complained about Travelers' alleged improper and illegal conduct. The petition alleges that defendant Haumesser is Travelers' human resources director, a supervisor, and "a person who acts in the direct interest of an employer, Travelers." Petition at 2, ¶ 6. The petition alleges that plaintiff was terminated "with the counsel of and by the direction of Defendant Haumesser, who on information and belief advised and/or prepared the statement which was read to plaintiff at the time of his termination," id., ¶ 17, and that "in her capacity as a human resources director and agent acting in Travelers' interests, Defendant Haumesser directed or concretely advised in Plaintiff Hayes' termination." Id., ¶ 18.

The defendants removed this action to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction. Travelers is a Connecticut corporation with its principal place of business in Connecticut, and plaintiff and Haumesser are citizens of Missouri. Although the common citizenship of plaintiff and Haumesser would normally destroy diversity and divest this Court of subject matter jurisdiction, as stated above, defendants claim that plaintiff fraudulently joined Haumesser and therefore the Court has jurisdiction over this case.

Defendants argue that Haumesser was fraudulently joined because she is not an "employer" within the meaning of the MHRA, and therefore there is no reasonable basis in fact and law supporting a claim against her on plaintiff's claim of MHRA age discrimination. The MHRA defines "employer" as "any person employing six or more persons within the state, and any person directly acting in the interest of an employer." Mo. Rev. Stat. § 213.010(7) (2000). Defendants

2

assert that while there is individual liability under the MHRA, federal courts have consistently refused to extend liability under the MHRA to employees who were not acting in a supervisory role.

**Discussion**

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (1996) (citing 28 U.S.C. § 1441(b)). "A claim may be removed only if it could have been brought in federal court originally." Id. "Critically, the party seeking removal has the burden to establish federal subject matter jurisdiction; all doubts about federal jurisdiction must be resolved in favor of remand." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009) (internal citation and cited case omitted).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship exist both when the state petition is filed and when the petition for removal is filed. Knudson v. Systems Painters, Inc., 634 F.3d 968, 976 (8th Cir. 2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" Id. (quoted case omitted). "The purpose of this exception is to strike a balance between the

3

plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." Id. (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" Knudson, 634 F.3d at 977 (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Filla, 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811.

As the Eighth Circuit Court of Appeals explained in Filla,

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to *definitively* settle the ambiguous question of state law.

Id. at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide.'" Id. (quoting Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977)).

Defendants argue that Haumesser is fraudulently joined because she does not qualify as an employer and therefore cannot be liable under the MHRA. Under the MHRA, it is "an unlawful

4

employment practice for an employer, because of the . . . age . . . of any individual to fail or refuse to hire or to discharge any individual, or to otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . age . . . ." Mo. Rev. Stat. § 213.055.1(1)(a) (2000). The MHRA defines "employer" as "the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, <u>and any person directly acting in the interest of an employer</u>, but does not include corporations and associations owned and operated by religious or sectarian groups." Mo. Rev. Stat. § 213.010(7) (emphasis added).

Defendants argue that Haumesser was not plaintiff's supervisor and took no action to affect his employment, but was merely present at his termination, and therefore could not be an "employer" under the statute. Defendants assert that "[f]ederal courts have consistently refused to extend liability under the MHRA to employees who were not acting in a supervisory role." Defs.' Mem. Opp. Pl.'s Mot. Remand at 4. In support, defendants cite two unpublished district court decisions, <u>Trickey v. Kaman Industrial Technologies Corp.</u>, 2009 WL 1974759 (E.D. Mo. July 7, 2009), and <u>Halloran v. Houlihan's Restaurants, Inc.</u>, 2012 WL 1667598 (W.D. Mo. May 11, 2012) (citing <u>Trickey</u>). Defendants also assert that the cases cited by plaintiff all involve individual defendants who were either the plaintiff's supervisor or were accused of some harassing, discriminatory, or retaliatory action.

Under the MHRA, "any person directly acting in the interest of an employer" qualifies as an employer. Mo. Rev. Stat. § 213.010(7). Defendants do not contest that Travelers is an employer under the MHRA. As a result, if Haumesser directly acted in the interest of Travelers, she qualifies as an employer under the MHRA. "[T]he MHRA is intended to reach . . . any person acting directly

5

in the interest of the employer." Hill v. Ford Motor Co., 277 S.W.3d 659, 669 (Mo. 2009) (en banc). While it is clear that a supervisory employee falls into the category of "any person acting directly in the interest of the employer," id., the MHRA's definitional language is broad and does not limit liability for persons acting directly in the interest of an employer to supervisors, or to those who personally harass, discriminate or retaliate against an individual. The MHRA imposes liability for several types of discriminatory acts: failing or refusing to hire an individual, discharging an individual, or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment. Mo. Rev. Stat. § 213.055.1(1)(a).

In this action, plaintiff alleges that Haumesser was a Travelers supervisor and that plaintiff was wrongfully terminated based in part on his age "with the counsel of and by the direction of Defendant Haumesser, who on information and belief advised and/or prepared the statement which was read to plaintiff at the time of his termination," Petition, ¶ 17, and that "in her capacity as a human resources director and agent acting in Travelers' interests, Defendant Haumesser directed or concretely advised in Plaintiff Hayes' termination." Id., ¶ 18. Plaintiff therefore alleges that Haumesser had an active role in his wrongful termination. Defendants' opposition to the motion to remand challenges the facts of Haumesser's involvement in plaintiff's termination, but in determining the issue of fraudulent joinder the Court must resolve the facts alleged in plaintiff's favor. Filla, 336 F.3d at 811.

The question for the Court is not whether state law will impose liability on Haumesser, but whether state law <u>might</u> impose liability. Filla, 336 F.3d at 810. The Court is mindful that Travelers and Haumesser have the burden to establish federal subject matter jurisdiction, and that "all doubts about federal jurisdiction must be resolved in favor of remand." Central Iowa Power Co-op., 561

F.3d at 912. The Court is also mindful that to establish fraudulent joinder, the defendants must prove plaintiff's claim against Haumesser has "no reasonable basis in fact and law." Filla, 336 F.3d at 810. In conducting this analysis, the Court "has no responsibility to *definitively* settle [an] ambiguous question of state law." Id. at 811. The parties have not cited any decisions from Missouri state courts that address the scope of the MHRA's definition of employer in the context of a person who acts directly in the interest of an employer, but is not the plaintiff's supervisor or harasser, and this an unsettled question of Missouri law.[1]

With these principles in mind, viewing the facts alleged in plaintiff's favor, and considering the broad language of the MHRA's definition of "employer," the Court finds that plaintiff might have a claim under the MHRA against Haumesser and that defendants have not established that plaintiff's claim against Haumesser has no reasonable basis in fact and law. Although the sufficiency of the petition against Haumesser is questionable, the Court will be guided by the Eighth Circuit's counsel that "the better practice is for the federal court not to decide the doubtful question in connection with the motion to remand but simply to remand the case and leave the question for the state courts to decide." Filla, 336 F.3d at 811 (quoted case omitted). Accordingly, plaintiff's motion to remand should be granted.

---

[1]Although the two federal decisions cited by defendants hold that a defendant can only be individually liable under the MHRA if she was acting in a supervisory capacity, the Court respectfully declines to follow those decisions and, in this case, will leave the scope of the MHRA's definition of "employer" to be determined by the state court.

**Conclusion**

For the foregoing reasons, plaintiff's motion to remand should be granted. Plaintiff's request for attorneys' fees based on improper removal is denied. Defendants' motions to dismiss and to stay and compel arbitration remain pending for resolution by the state court following remand. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **GRANTED**. [Doc. 15]

**IT IS FURTHER ORDERED** that defendant Haumesser's Motion for Dismiss, or in the Alternative, Motion for Summary Judgment, and both defendants' Motion to Stay Action and Compel Arbitration, remain pending for resolution by the state court following remand. [Docs. 7, 10]

An Order of Remand will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of October, 2012.